UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON GRAVES | CIVIL ACTION |
| VERSUS | NO. 26-148 |
| UNITED STATES OF AMERICA | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is the motion of defendant United States of America to dismiss for lack of subject matter jurisdiction.[1]  Plaintiff Sharon Graves opposed the motion and, in the alternative, moved for jurisdictional discovery and leave to amend her complaint.[2]  For the following reasons, the Court grants the motion and dismisses the case for want of subject matter jurisdiction.

## I.    BACKGROUND

Plaintiff Sharon Graves brought this case against the United States on January 22, 2026, to recover damages related to the death of her husband, Jerry Graves.[3]  She alleges that Mr. Graves died from mesothelioma caused by his exposure to asbestos at NASA's Michoud Assembly Facility (MAF)

---

[1]    R. Doc. 6.
[2]    R. Doc. 7.
[3]    R. Doc. 1.

1

between 1977 and 2010.[4] Throughout that time, Mr. Graves allegedly worked as an employee of Martina Marietta Technologies, Inc., and its successor entity, Lockheed Martin Corporation (together, "Lockheed").[5] Plaintiff alleges that Mr. Graves was regularly and routinely present in various MAF buildings.[6] Plaintiff alleges that while in those buildings, Mr. Graves was exposed to injurious levels of asbestos and that NASA, despite its awareness of the asbestos, negligently failed to take appropriate actions to remediate, contain, or abate the hazardous conditions and failed to follow mandatory asbestos regulations.[7] Plaintiff also alleges that NASA failed to "warn building occupants, including the decedent, of the presence of friable asbestos in the MAF building where the decedent worked."[8] Plaintiff alleges that, as a direct result of that asbestos exposure, Mr. Graves contracted malignant mesothelioma, from which he died on June 5, 2023.[9] Plaintiff sued the United States under the Federal Tort Claims Act (FTCA) in this Court on January 22, 2026.[10]

---

[4]     R. Doc. 1 at 2.
[5]     *Id.*
[6]     *Id.*
[7]     *Id.* at 4.
[8]     *Id.* at 9.
[9]     *Id.* at 5.
[10]    *Id.* at 1.

The United States now moves to dismiss the action for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1).[11]  The United States asserts that plaintiff's claims fall outside the FTCA's limited waiver of sovereign immunity.[12]  Plaintiff opposes the motion and has moved in the alternative for jurisdictional discovery and for leave to amend.[13]  The Court considers the motion below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*,

---

[11]    R. Doc. 6.
[12]    *Id.*
[13]    R. Doc. 7.

74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016). If the court lacks the statutory or constitutional power to adjudicate a claim, the claim must be dismissed for lack of subject matter jurisdiction. *Home Builders Ass'n of Mississippi v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## III.  DISCUSSION

### A. Sovereign Immunity

The United States and its agencies generally enjoy immunity from suit. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (noting that the Government's consent to be sued "is a prerequisite to federal jurisdiction"). Absent a waiver of this immunity or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject matter jurisdiction. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

The FTCA is a limited waiver of sovereign immunity and subjects the United States to tort liability if a private person would be liable for the same act under state law. *Life Partners Inc. v. United States*, 650 F.3d 1026,

1030–31 (5th Cir. 2011). The FTCA's limited waiver of sovereign immunity includes exceptions that, if applicable, bar suit against the government. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). These exceptions are strictly construed in favor of the government. *Id.* There are two exceptions to the FTCA's limited waiver of sovereign immunity at issue: the discretionary function exception and the misrepresentation exception. Because the discretionary function exception and misrepresentation exception deprive the Court of subject matter jurisdiction, the Court does not reach the question of delegation to independent contractors.

### 1. *Discretionary Function Exception*

The discretionary function exception provides that the Government is not liable for "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation . . . or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency . . . ." 28 U.S.C. § 2680(a). The exception covers only acts that are discretionary in nature and involve an element of judgment or choice. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

The Fifth Circuit uses a two-part test to determine whether a government agency's actions fall within the discretionary function exception.

*Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018). The relevant agency's conduct must be a matter of choice. *Id.* And the choice or judgment "must be of the kind that the discretionary function exception was designed to shield." *Id.* (quoting *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)). As the party asserting jurisdiction, the plaintiff has the burden of establishing that the test is not satisfied. *Campos*, 888 F.3d at 731.

As to the first prong, a plaintiff must identify a federal "statute, regulation, or policy" that specifically prescribes a course of action for the employee to follow to establish an absence of discretion. *Freeman*, 556 F.3d at 337 (5th Cir. 2009). If a federal employee or agency is not bound to act "in a particular manner" by such a statute, regulation, or policy, then the conduct is discretionary. *Id.*

Here, Graves has pointed to no federal statute, regulation, or policy specifically prescribing a course of action for NASA to follow as to asbestos mitigation. Graves instead argues that "federal statutes, regulations, and NASA policies required [NASA] to take protective and remedial action relating to asbestos hazards."[14] These broad-brush claims are insufficient to plausibly allege that NASA had no choice in how or when to address asbestos mitigation. *See, e.g., ALX El Dorado, Inc. v. Sw. Sav. & Loan Ass'n*, 36 F.3d

---

[14]    R. Doc. 7 at 9.

409, 411 (5th Cir. 1994) ("[T]he plaintiffs here have alleged only some generalized failures to follow mandatory rules; they have failed . . . to point to even one relevant mandatory limitation on [the agency's] statutory discretion."). "Protective and remedial action" is not a specific course of conduct.

Plaintiff points to a report on the status of asbestos in NASA facilities from 1983.[15] That report not only does not prescribe a specific course of conduct, but it also underscores NASA's discretion in addressing asbestos.[16] The report notes that medical and environmental health personnel should "develop local policies and procedures" and "select the most feasible and efficient abatement techniques."[17] Plaintiff has not met her burden to point to authority establishing a specific course of conduct NASA had no choice but to follow. *See Campos*, 888 F.3d at 731. Absent such authority, the first step of the discretionary function exception test is satisfied. The conduct at issue—asbestos mediation—was discretionary.

The second prong is whether decisions in asbestos mitigation are "of the kind that the discretionary function exception was designed to shield." *Barron v. United States*, 31 F.4th 347, 350 (5th Cir. 2022) (quoting

---

[15]   R. Doc. 7-1 at 2.
[16]   *Id.*
[17]   *Id.*

*Berkovitz*, 486 U.S. at 536). The exception protects "only governmental actions and decisions based on considerations of public policy." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *Berkovitz*, 486 U.S. at 537). The relevant inquiry is "whether the challenged actions were susceptible to policy considerations." *Gonzalez v. United States*, 851 F.3d 538, 547 (5th Cir. 2017). The "evaluation of actual or suspected hazards," such as asbestos, "and the decision to proceed in a particular manner in light of those hazards" are susceptible to policy considerations. *Ford v. American Motors Co.*, 770 F.2d 465, 467 (5th Cir. 1985); *see also Lively v. United States*, 870 F.2d 296, 298 (5th Cir. 1989) (holding that an agency's choices regarding asbestos stockpiling, labeling, and safety equipment were susceptible to policy considerations). The Court finds that NASA's asbestos mitigation decisions satisfy the public policy prong of the discretionary function test. *See Gonzalez*, 851 F.3d at 551.

Graves asserts that the Fifth Circuit has held that "failure to maintain property in good condition" involves no policy judgment at all.[18] The case plaintiff cites, *Morris v. United States*, includes no such quote, and the Fifth Circuit has not made such a broad holding. *Morris* focuses on the distinction between "scenarios where the government actor retained 'discretion to

---

[18]    R. Doc. 7 at 10.

exercise in deciding how to carry out'" a task and those in which implementation of a previously made policy decision required no further policy choices. 2026 WL 1379102, at *11 (5th Cir. May 18, 2026). In *Morris*, the Fifth Circuit found that a probation officer had exercised his discretion in deciding to procure an expedited warrant and then acted negligently in failing to do so. *Id.* The Court found that the negligent failure to act was not susceptible to a policy decision. *Id.* Such analysis is inapplicable here, where plaintiff has pointed to no statute, regulation, or policy decision mandating a specific course of action.

Plaintiff has not met her burden of establishing that the two-prong discretionary function exception test is not met. The Court finds that the discretionary function exception to the FTCA's limited waiver of sovereign immunity bars plaintiff's suit against the government. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Because sovereign immunity bars suit against the government, the Court lacks subject matter jurisdiction and must dismiss the case without prejudice.

### 2. *Misrepresentation Exception*

The misrepresentation exception to the FTCA's limited waiver of sovereign immunity bars plaintiff's failure to warn claims against the government. The FTCA's waiver of sovereign immunity does not apply to

any "claim arising out of . . . misrepresentation . . . ." 28 U.S.C. § 2680(h). The exception applies to negligent and intentional misrepresentations and "affirmative acts and omissions of material fact." *Metropolitan Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). The misrepresentation exception "bars any claim arising out of a misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred" by the exception. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011). The key inquiry is whether the negligence claim arises out of a communication of or failure to communicate information. *Metropolitan Life*, 225 F.3d at 512.

Here, plaintiff's failure to warn claim falls squarely within this exception. *See, e.g.*, *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (citing *Green v. United States*, 629 F.2d 581, 584 (9th Cir. 1980) ("The misrepresentation exception has been held to bar suits based on a failure to give any warning to injured parties.")). Plaintiff attempts to assert a claim against the government for an omission of a material fact, namely that NASA failed to communicate warnings about asbestos risks at MAF. *Metropolitan Life*, 225 F.3d at 512. Plaintiff alleges that NASA failed to "warn building occupants, including the decedent, of the presence of friable asbestos in the

MAF buildings where the decedent worked."[19]   This is an allegation that NASA failed to communicate information.  The misrepresentation exception bars exactly this type of allegation.  *Metropolitan Life*, 225 F.3d at 512.  As the warning claim falls within an exception to the FTCA's limited waiver of sovereign immunity, the Court must dismiss the claim for lack of subject matter jurisdiction.

## B. Jurisdictional Discovery

Plaintiff moved for jurisdictional discovery.  Plaintiff bears the burden "of demonstrating the necessity of discovery."  *Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020).  The burden is "even greater 'when the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit,'" as is true here, "'because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery."  *Id.* at 407–08 (quoting *Freeman*, 556 F.3d at 342 (5th Cir. 2009)).

Here, plaintiff seeks jurisdictional discovery including:

(1) Request for documents to Defendant seeking NASA policies, directives, procedures, bulletins, or handbooks in effect during decedent's employment at MAF; (2) request for documents concerning surveys, monitoring, sampling, or similar activities for asbestos at MAF undertaken by or on behalf of NASA or any MAF contractor during the decedent's employment at MAF;

---

[19]    R. Doc. 1 at 9.

(3) request for any contracts between NASA and any third party relating to work or operations at the MAF during the decedent's employment at MAF; (4) the presence of asbestos at the MAF; (5) documents reflecting repairs, replacements, abatement and/or containment efforts undertaken by NASA or any MAF contractor to any building systems or equipment during the decedent's employment at MAF; (6) the opportunity to depose Mr. Savoy to examine him concerning the statements contained in his declaration; and (7) an opportunity to depose a corporate representative of NASA relating to the MAF.[20]

Graves does not explain, as is required, how this extraordinarily broad jurisdictional discovery will overcome the discretionary function exception and defeat sovereign immunity. *Joiner*, 955 F.3d at 407 (5th Cir. 2020); *see also Freeman*, 556 F.3d at 343 (5th Cir. 2009) ("This amorphous discovery request . . . fails to assert the existence of a particular federal regulation, order, or directive (or the potential contents of any such authority) that is not already known in this case and that falls outside of the discretionary function exception.  Nor do plaintiffs suggest how discovery might lead to such a directive.").  Nor does Graves explain why jurisdictional discovery is needed to access publicly available statutes and regulations.  Finally, plaintiff's broad-reaching discovery request would expose defendants to the burdens of discovery, from which immunity is "intended to shield" the United States.  *Joiner*, 955 F.3d at 407 (affirming denial of jurisdictional discovery as to the

---

[20]    R. Doc. 7 at 13.

discretionary function exception); *see also Davila v. United States*, 713 F.3d 248, 263–64 (5th Cir. 2013) (same). The Court denies the motion for jurisdictional discovery.

### C. Leave to Amend

Graves seeks leave to amend to cure the jurisdictional defect. Federal Rule of Civil Procedure 15 governs leave to amend. Under Federal Rule of Civil Procedure 15(a)(2), the court freely grants leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Rule 15(a) evinces a bias in favor of granting leave to amend," when justice so requires.). The decision to grant such leave is within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). But leave to amend should not be granted automatically. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that the factors weigh toward granting leave to amend. There is no suggestion of undue delay, bad faith, or dilatory motive

13

on the part of plaintiff.  This would be plaintiff's first amendment.  The United States did not assert that amendment would be futile in its motion to dismiss,[21]  but instead contended that plaintiff did not show how she would amend her complaint to cure the jurisdictional deficiencies.[22]  It is not abundantly clear that amendment would be futile.  The Court grants plaintiff leave to amend her complaint within fourteen days of this order.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion to dismiss for lack of subject matter jurisdiction.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff has leave to amend her complaint within fourteen days of this order.

New Orleans, Louisiana, this 9th  day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[21]     *See* R. Doc. 6.
[22]     R. Doc. 8.